**Dismissed and Memorandum Opinion filed December 18, 2012.**



In The

# Fourteenth Court of Appeals

NO. 14-12-01023-CR

## WILLIAM V. WADE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court at Law No. 3
Harris County, Texas
Trial Court Cause Nos. 5478**

## M E M O R A N D U M   O P I N I O N

Appellant was charged with failure to appear. A jury found him guilty and assessed a fine of $500. Appellant timely appealed to County Court at Law No. 3, Harris County, Texas. The appeal was denied on September 11, 2012. Appellant's notice of appeal from that decision was not filed until November 5, 2012. That same day, appellant filed a motion to extend time to file the notice of appeal.

A defendant's notice of appeal must be filed within thirty days after the court enters an appealable order. *See* Tex. R. App. P. 26.2(a)(1). In a criminal case, a late notice of appeal will not invoke our jurisdiction unless a motion for extension of time is also filed within fifteen days of the last day allowed for filing the notice of appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App.1996). Appellant's notice of appeal was due October 11, 2012. The motion for extension of time was not filed within fifteen days of that date.

A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).